### THE FIRST NATIONAL BANK OF OTTUMWA v. TAYLOR.

1. **Contract**: CONSTRUCTION OF. Two parties constructed buildings upon adjacent lots separating them by a partition wall, and using the third story as a common hall; the contract between them provided that access to the hall should be by an outside stairway, erected upon the land of one of the parties, which should be used in common by both, and used exclusively for ingress and egress to and from the hall; the hall having ceased after a time to be profitable, one of the parties commenced an action for the division of the hall and construction of a partition wall to the roof: *Held*, that the relief asked should be granted, and that the use of the stairway should be continued to both parties.

*Appeal from Wapello Circuit Court.*

WEDNESDAY, OCTOBER 18.

THE plaintiff is the owner of the east twenty feet of a certain lot in the city of Ottumwa, and the adjoining thirty-seven feet is owned by the defendant. In 1867 both parties erected brick buildings on their respective lots. The said buildings have three main stories, with a French or Mansard roof, making the fourth story.

There is a partition wall between the buildings, extending in height to the top of the second story. Before the buildings were completed a written contract was entered into by the parties, that part of which material to this controversy is as follows:    " *    *    *    *    *    . There is to be a stair-case built of the forenamed dimensions, shown and directed by C. A. Dunham, architect, upon land owned by the party of the second part (plaintiff herein), in the rear of the

new banking house, and said stair-case to lead from the first floor on Market street to the third story, which is to be called Taylor & Blake's Hall. The said stair-case to be used in common by both parties or their legal representatives, as long as the building stands or is fit for occupancy. Each of the above said parties to contribute their share or part towards the construction or repairs of said stair-case. The interest of each of the above parties is as follows: The bank 62-170 part, and Taylor & Blake 111-170 part; the said stair-case to be used exclusively for ingress and egress to the hall.

It is also further agreed to between the aforesaid parties, for themselves and their legal representatives, that the proceeds which may accrue from the rental of the aforesaid hall shall from time to time, immediately after their collection, be divided between the within parties *pro rata* to their respective interests as stated hereinbefore. And it is further agreed to on part of Taylor & Blake and their legal representatives, that they do hereby agree to pay, or cause the same to be done, to the party of the second part the sum of sixteen dollars yearly, for the use of the land on which their part or interest of said stair-case is built."

Each party erected the building on his own land, and all is under a common roof, without any center support by partition wall or otherwise. By building in this manner the cost of the roof was considerably more than if the partition wall had been carried up and used as a support to the roof. The third story was used as a hall for some years, and owing to the construction of other halls for public entertainments, and other causes not necessary to be enumerated, it ceased to be of any profit as a hall.

The plaintiff filed a petition reciting that the hall had ceased to be used as such, that the insurance upon plaintiff's building was enhanced by reason of the want of a partition wall to the roof, and that if said hall and the fourth story were divided by a partition wall, said property would then become of value to the parties, and it is asked that the contract as to the stairway and the joint use of the hall be canceled, and that a decree be made ordering that said third and fourth stories be

divided by a brick partition wall, corresponding with the wall between the first and second stories.

The answer of defendant concedes that the third story, as at present fitted and furnished, is of no value as a hall, and alleges that the building of a partition wall up to the roof only would be of no benefit in the way of reduced rates of insurance, and avers a willingness to join plaintiff in the payment of the necessary expense consequent upon the construction of a solid brick wall to be extended to, and through, the roof of said building, and that such is the only character of wall that would materially lessen the rates of insurance.

There was trial to the court and a decree rendered providing for the building of a partition wall up to the roof, and finding "that the said Taylor is entitled to use the stairway, in common with plaintiff, now constructed in the rear end of that part of the building owned by the plaintiff, said stairway leading from Market street to the third story of said building, and that said defendant has the right to the use of said stairway as such, so long as the said building stands or is fit for occupancy, at the yearly rent of $16, as fixed by the agreement of the parties."

The plaintiff appeals from so much of the decree as permits a continued use of the stairway by defendant; and the defendant appeals from that part of the decree which provides for a partition wall only to the roof, claiming that said wall should extend above the roof.

*Stiles & Burton*, for plaintiff.

*H. B. Hendershott*, for defendant.

ROTHROCK, J.—I. It is difficult to obtain a clear understanding of the situation and manner of construction of the stairway from the record before us. This, however, is not material, as we are called upon in determining plaintiff's appeal merely to give a construction to the written contract of the parties in regard to the stairway and hall. It is not certain from the language of the decree that the court below had in mind the extent to which

1. CONTRACT: construction of.

the defendant might use the stairway in question, but as both parties assume that the effect of the decree is to allow such use for ingress and egress to the second story of defendant's building, we will so consider it here.

Counsel for plaintiff insist that as the contract provided that the stairway was to be used exclusively for ingress and egress to the hall, and as the hall loses its character as such by force of the decree, and the building of the partition wall, defendant's right to any use of the stairway is concluded. We do not so understand the contract. It provides that "the stair-case is to be used in common by both parties or their legal representatives as long as the building stands or is fit for occupancy." This does not mean so long as the third story shall continue to be used as a hall, but so long as the building shall remain fit for occupancy. Then follows the limitation upon the common use: "The said stair-case to be used exclusively for ingress and egress to the hall." We think this limitation should not, in view of the other provisions of the contract, be held to mean that the stair-case should only be used in common so long as the third story should be used as a hall, but rather that the word hall is used for the purpose of designating the part of the building to which the common use of the stairs should apply.

It is next claimed that the common use of the stairway does not extend to the second story, but only to that in which the hall was situated.

This position we believe to be correct. The provision as to the exclusive common use of the stairway necessarily excludes the common use as to the second story. There is no avoiding this conclusion. The contract calls it a stair-case, the answer of the defendant alleges that it is occupied and used as a stairway to the third story, and under the provisions of this contract we believe it to be the right of the plaintiff to inclose the stairway so as to exclude ingress and egress to the second story, if it has not always been so inclosed. This we are unable to determine from the record.

II. We have nothing presented to us showing that an appeal was taken by defendant, excepting the statement of

counsel in his printed argument. This being the state of the record, we might well decline to examine the evidence as to whether the decree should provide that the wall should extend above the roof.

We have, however, carefully examined the evidence, and are of the opinion, taking into consideration the large additional expense which would become necessary by interfering with the roof as now constructed, and the further fact that it is doubtful whether there would be corresponding advantage in the rates of insurance, that the decree as to the wall is better for both parties as it now is, than it would be with the modification asked by defendant.

The decree of the Circuit Court is modified so far as to exclude the common use of the stairway as a means of ingress and egress to the second story, and in other respects is affirmed. The defendant to pay costs.

MODIFIED AND AFFIRMED.